IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPA DOGS, LLC,<br><br>                      Plaintiff,<br><br>     v.<br><br>MASSAGE ENVY FRANCHISING LLC,<br><br>                     Defendant. | Civil Action No.: |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Massage Envy Franchising LLC ("Massage Envy") hereby removes this action from the Court of Common Pleas of Chester County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Massage Envy states as follows:

### Procedural History

1. A civil action (the "State Court Action") has been brought in the Court of Common Pleas of Chester County, Pennsylvania (the "Pennsylvania State Court"), entitled *Spa Dogs, LLC v. Massage Envy Franchising, LLC*, case number 2017-03617-CT. Plaintiff initiated the State Court Action on April 6, 2017, by filing its Emergency Ex Parte Petition for Injunctive Relief ("Emergency Petition") in the Pennsylvania State Court on that date.

2. Massage Envy has not yet been served with a copy of a summons and complaint but has been served by email with a copy of Plaintiff's Emergency Petition on April 7, 2017, as well as a copy of an Order entered on the Emergency Petition by the Pennsylvania State Court on

April 7, 2017. (*See* Declaration of Melanie Hansen in Support of Notice of Removal ["Hansen Decl."], ¶ 2.)

3. The initial time within which Massage Envy is required by the laws of the Commonwealth of Pennsylvania to answer or otherwise plead in response to Plaintiff's Emergency Petition has not expired, and Massage Envy has not answered or otherwise pleaded in response to the Emergency Petition.

## Grounds for Removal (Diversity Jurisdiction)

4. The State Court Action is an action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. There is complete diversity between the parties.

6. A limited liability company has the citizenship of each of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (holding that "the citizenship of an LLC is determined by the citizenship of its members").

7. For purposes of 28 U.S.C. § 1332, Plaintiff Spa Dogs, LLC is a citizen of the Commonwealth of Pennsylvania. Plaintiff is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. (Emergency Petition ¶ 1.) The sole member of Plaintiff is Kate Diffenderfer, a citizen of Pennsylvania. (Hansen Decl. ¶ 3.)

8. For purposes of 28 U.S.C. § 1332, Defendant Massage Envy is a citizen of the states of Arizona, Delaware and Georgia. Defendant Massage Envy is a limited liability company organized under the laws of the State of Delaware with its principal place of business

in Arizona. (Hansen Decl. ¶ 4.) The sole member of Massage Envy is Massage Envy, LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Arizona. (Hansen Decl. ¶ 4.) The sole member of Massage Envy, LLC is ME Holding Corporation, a corporation organized under the laws of the State of Georgia with its principal place of business in Arizona. (Hansen Decl. ¶ 4.)

9. The amount in controversy requirement is satisfied here because Plaintiff seeks declaratory and injunctive relief to prevent the termination of its Massage Envy franchised business and, according to Plaintiff's Emergency Petition, the closure of its business as a result of the termination. (Emergency Petition ¶¶ 82-89.) *See, e.g., Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *accord Jeffrey Press, Inc. v. Hartford Cas. Ins. Co.*, 326 F. Supp. 2d 626, 628-29 (E.D. Pa. 2004).

### The Procedural Requirements for Removal Have Been Satisfied

10. Massage Envy is the only defendant in the State Court Action.

11. Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Pennsylvania is the proper court for removal from the Court of Common Pleas of Chester County.

12. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed by Massage Envy within thirty days after receipt by Massage Envy, through service or otherwise, of a copy of the Emergency Petition.

15. True and correct copies of all process, pleadings and orders served on Massage Envy in the State Court Action (consisting of the Emergency Petition [except for confidential

exhibits attached thereto] and Order) are attached collectively hereto as Exhibit A. (Hansen Decl. ¶ 5.)

16. After filing this Notice of Removal, Massage Envy will promptly serve written notice of this Notice of Removal on counsel for Plaintiff and file the same with the Clerk of the Court of Common Pleas of Chester County, Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Massage Envy removes the above-captioned action from the Court of Common Pleas of Chester County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Dated: April 10, 2017

MASSAGE ENVY FRANCHISING, LLC

By: /s/ Matthew A. Goldberg

Matthew A. Goldberg
matthew.goldberg@dlapiper.com
Brenna Kelly
brenna.kelly@dlapiper.com
**DLA PIPER US (LLP)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103
T: (215) 656-3377
F: (215) 606-3377

John F. Verhey
(*pro hac vice* application to be filed)
john.verhey@dlapiper.com
**DLA PIPER LLP (US)**
444 W. Lake Street, Suite 900
Chicago, Illinois 60606
T: (312) 368-4044
F: (312) 251-2195